## COBB v. CHASE.

(Court of Appeals of District of Columbia. Submitted January 6, 1925. Decided March 2, 1925. Motion for Rehearing Denied March 21, 1925.)

### No. 4232.

**Wills ⊛⇒221—Revocation of probate of will on alleged ground that executor had received fund in trust for testatrix held unwarranted.**

Revocation of probate of will, to which heir consented because of statement that estate was small on ground that executor, also residuary legatee, had received fund in trust for testatrix, to be used on her death in fulfillment of promises made by her, *held* unwarranted, where validity of will was not successfully assailed, since, if trust was valid, fund formed no part of testatrix's estate, or, if invalid, passed by virtue of residuary clause to executor.

Appeal from the Supreme Court of the District of Columbia.

Suit by Josiah C. Cobb for revocation of probate of will of Laura A. Bradley, deceased, and of letters testamentary issued to Jerome Chase. From a decree of dismissal, plaintiff appeals. Affirmed.

L. A. Bailey, of Washington, D. C., for appellant.

B. S. Minor, H. P. Gatley, and H. B. Rowland, all of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is an appeal from a decree dismissing the petition of Josiah C. Cobb, which prayed for the revocation of the probate of the will of Laura A. Bradley, and of letters testamentary issued thereon, and for other relief.

Laura A. Bradley, a resident of the District of Columbia, died on November 14, 1914, leaving a last will and testament, dated October 7, 1911. The will named Jerome Chase as the executor thereof, and bequeathed the sum of $100 to her nephew Josiah C. Cobb, her finger ring to Jerome Chase, her household goods, furniture, and equipment, including books, pictures, and all other chattels at her residence, to Miss Minnie A. Bailey, and the rest and residue of her estate to Jerome Chase.

On the 24th of November, 1914, Jerome Chase filed a petition in the Supreme Court of the District, sitting in probate, praying that said will and testament be admitted to probate. On waiver of citation by Josiah C. Cobb, sole heir at law of the deceased, the will of Laura A. Bradley was admitted to probate, and upon order of the Supreme Court of the District letters testamentary were issued to Jerome Chase, upon giving bond in the sum of $500, conditioned for the faithful discharge of his trust. In his first and final account the executor charged himself with the sum of $562.23 as the total value of the estate, and credited himself with disbursements on behalf of the estate amounting to $598, in which amount was included the sum of $200 due to the executor. That account was settled and allowed on February 10, 1916.

On the 15th of December, 1923, more than 9 years after the admission of the will to probate, and nearly 7 years and 10 months after the settlement of the final account of the executor, Josiah C. Cobb filed a petition, in which he alleged that the execution of said will by Laura A. Bradley was procured by means of undue influence and deceit practiced upon her by Chase, and that the will was not her voluntary act, but was executed under duress. The petition further set out that the value of the estate greatly exceeded the sum of $300, and that the executor had failed to report or account for the sum of $10,-000 received by him from Laura A. Bradley, in trust to invest the same and to pay the income to said Laura A. Bradley during her life, and to use the fund after her death to satisfy a certain indebtedness amounting to several thousand dollars incurred by her, and to carry into effect certain promises which she had made. Cobb's petition further charged that the trust was not carried out by Chase, and that the said debt and promises of Mrs. Bradley were left wholly unsatisfied. Cobb's petition prayed, therefore, that the letters testamentary issued to Chase be revoked and that the settlement of his accounts be vacated.

Chase filed an answer to the petition, in which he denied that Cobb's waiver and consent to the probate of the will of Laura A. Bradley was procured by falsehood, deceit, or fraud. The answer also denied that the execution of the will was obtained by the exercise of undue influence or duress,

and alleged that the will was voluntarily executed by Laura A. Bradley, with full knowledge of its contents. Chase admitted in his answer that he had received $10,000 from Mrs. Bradley, which sum was part of the proceeds of a life insurance policy issued to Camillo H. Machinek, and made payable on the death of Machinek to Laura A. Bradley, but averred that that sum was paid to him, Chase, in partial discharge of a debt incurred by Machinek to Chase for moneys advanced by Chase for Machinek's support and maintenance.

The case came on to be tried on the 19th of May, 1924, before a jury duly impaneled to try the following special issue framed by the court:

"Was the consent of Josiah C. Cobb to the probate of the will of said Laura A. Bradley, deceased, procured by means of the false representations alleged and set forth in the petition filed herein by said Josiah C. Cobb on the 15th day of December, 1923?"

On the trial Cobb testified that he was asked to sign the waiver of citation by Frank Stetson of the National Savings & Trust Company, and that he was informed by Mr. Stetson that the estate was very small and would scarcely meet the expense of burying the deceased. Relying on the truth of Stetson's statement, Cobb said that he signed the waiver. Cobb also testified that until February 18, 1923, he knew nothing about Machinek's insurance policy, which was made payable to Laura A. Bradley on Machinek's death. On cross-examination Cobb admitted that he did not sign the waiver immediately on receiving it, but took it away and signed it the next day, after consulting a friend. He also admitted that the cost "of fighting the case" was not to be borne by him, and that he had agreed to divide the proceeds resulting from the litigation with Miss Minnie Bailey.

There was testimony to the effect that Chase admitted receiving from Laura A. Bradley $10,000 out of insurance money paid to her on Machinek's life insurance policy, and that he kept the money, because Machinek at the time of his death owed to Chase more than that amount. No evidence was introduced by the petitioner tending to prove that Machinek was not indebted to Chase, as claimed by the latter. No evidence was submitted by Chase. The jury, in accordance with the instructions of the court, returned a verdict to the effect that the consent of Josiah C. Cobb to the probate of the will was not procured by means of false representations, as alleged and set forth in Cobb's petition, and the court thereupon adjudged, ordered, and decreed that the petition of Josiah C. Cobb be dismissed, with costs, from which judgment this appeal was taken.

There was no evidence whatever introduced on behalf of the petitioner showing or tending to show that his waiver was obtained by misrepresentation, deceit, or fraud, or that the execution of said will was procured by the exercise of undue influence or duress, or that the will was not voluntarily executed by Laura A. Bradley, with full knowledge of its contents. No evidence whatever was introduced or offered by the petitioner to show that the fund was not used for the purposes of the trust, or that Chase failed to pay the debt or perform the promises which Laura A. Bradley directed him to satisfy after her death. Indeed, for all that appears in the record, Laura A. Bradley may have become responsible for the advances made by Chase to Machinek, or may have promised to reimburse Chase therefor. If the trust was a valid one, Laura A. Bradley's interest in the fund ceased at the time of her death, and the fund formed no part of her estate, inasmuch as under the terms of the trust it was to be used by Chase for the payment of a certain debt which she had incurred and the fulfillment of certain promises which she had made. If the trust was not valid, the fund under the terms of the will, the validity of which was not successfully assailed, passed by virtue of the residuary clause of said will to Chase, and Cobb had no interest therein, unless his legacy of $100 was not paid by the executor.

As the material allegations of the petition which would warrant relief were not established prima facie, we must hold that the court did not err in instructing the jury to answer "No" to the question propounded to it by the special issue, and that the decree dismissing the petition, with costs, should be sustained.

The decree appealed from is therefore affirmed, with costs.